IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-00658-RJC
(3:09-cr-00191-RJC-1)

| | |
|---|---|
| LANNEAR ARNOLD LAFORTE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence which he filed through counsel pursuant to 28 U.S.C. § 2255. (Doc. No. 1).

I.   BACKGROUND

On March 31, 2010, Petitioner pleaded guilty pursuant to a written plea agreement to one count of possession with intent to distribute 10.1 grams of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(B). As part of the agreement, the Government agreed to withdraw its notice of intention to seek enhanced penalties pursuant to 21 U.S.C. § 851. (Criminal Case No. 3:09-cr-00191, Doc. No. 18-1: Amended Plea Agreement ¶ 2). After the withdrawal of the § 851 notice, Petitioner would be subject to a mandatory-minimum term of 60-months' imprisonment under § 841(b)(1)(B).

In Petitioner's Presentence Report ("PSR"), the probation officer calculated a base offense level of 24 based on the quantity of drugs for which Petitioner was responsible, and after deducting three points for acceptance of responsibility, Petitioner's total offense level was 21 and

1

his Guideline range was 70-87 months' imprisonment based on his Level V criminal history. On October 26, 2010, Petitioner was sentenced to the statutory mandatory minimum term of 60-months' imprisonment and a four-year term of supervised release and he did not appeal. (3:09-cr-00191, Doc. No. 29: Judgment).

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter, and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

In his § 2255 Motion to Vacate, Petitioner argues that he is entitled to relief from his sentence based on the Supreme Court's decision in Dorsey v. United States, 132 S. Ct. 2321 (2012), in which the Court held that the Fair Sentencing Act (FSA) of 2010 applies to defendants who committed certain drug offenses before the effective date of the FSA on August 3, 2010, but were sentenced after the effective date. Id. at 2329.[1] (3:13-cv-00658, Doc. No. 1: § 2255 Motion at 1). The Government has filed a response and notes that the § 2255 Motion to Vacate is untimely, but has agreed to waive reliance on the one-year statute of limitations defense, and

---

[1] In enacting the FSA, Congress adopted the recommendations of the Sentencing Commission which had the effect of lowering certain mandatory minimum terms of imprisonment for federal drug convictions. As is relevant to Petitioner's argument, the FSA "increased the drug amounts triggering mandatory minimums for crack trafficking from 5 grams to 28 grams in respect to the 5-year minimum . . ." Id. at 2329.

2

agrees that Petitioner is entitled to sentencing relief. (Id., Doc. No. 9: Government's Response at 1).[2]

Petitioner was sentenced in this Court on October 26, 2010, and his judgment was entered on November 17, 2010. Petitioner has been released from the Bureau of Prisons and according to the website of the North Carolina Department of Public Safety, Petitioner is serving a term of nearly thirteen years' imprisonment following his conviction in Gaston County Superior Court on November 18, 2010, on a charge of trafficking in opium or heroin. Petitioner's projected release date is March 30, 2018.

At the time Petitioner was sentenced in this Court, it was of course not settled that the FSA would apply to Petitioner's sentence as that conclusion was not definitively reached until the Dorsey decision was filed which was well after Petitioner's sentence was imposed. Although Petitioner is no longer serving his mandatory minimum term of 60-months in the Bureau of Prisons, he is still subject to a term of supervised release after his state sentence expires and he is released from state custody. Although Petitioner's § 2255 Motion is untimely, the Government has waived reliance on the statute of limitations defense and the Court will therefore reach the merits of Petitioner's argument. See, e.g., Wood v. Milyard 132 S. Ct. 1826, 1834 (2012); Day v. McDonough, 547 U.S. 198, 202 (2006) ("[W]e would count it as an abuse of discretion to override a State's deliberate waiver of a limitations defense.").

After considering the arguments raised by the parties and the applicable authority, the

---

[2] The Government notes that Petitioner's § 2255 Motion is untimely under § 2255(f)(1) because it was filed more than one year after his judgment became final, and that it is untimely under § 2255(f)(3) because it was filed more than one year after the Supreme Court filed its Dorsey opinion. See § 2255(f)(3) (providing that § 2255 motion must be filed within one year from the date the Supreme Court recognizes a new right). See also Dodd v. United States, 545 U.S. 353, 357 (2005).

3

Court finds that Petitioner's § 2255 Motion to Vacate his sentence should be granted, and he should be resentenced under the provisions of the Fair Sentencing Act.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 Motion to Vacate his sentence is **GRANTED**.
2. The U.S. Probation Office shall prepare a supplemental Presentence Report in preparation for Petitioner's resentencing hearing.
3. The Federal Defenders of Western North Carolina shall represent Petitioner for the resentencing hearing or arrange counsel from the CJRA panel.
4. Petititioner's resentencing hearing will be scheduled by a separate order after the Presentence Report is served on the parties and any objections are filed.
5. The Clerk is directed to certifty copies of this Order to Petitioner, the Government, and the U.S. Probation Office.

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: November 23, 2015

Robert J. Conrad, Jr.
United States District Judge